# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELA RAMIREZ-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>ELISEO RICOLCOL, Warden,<br><br>Respondent. | Case No. 5:24-cv-2289-DSF-RAO<br><br>ORDER SUMMARILY DISMISSING PETITION |

On October 23, 2024, Petitioner Marcela Ramirez-Rodriguez ("Petitioner")—a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") Medium I in Victorville, California, and proceeding *pro se*—filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). The Petition claims that the BOP is improperly holding Petitioner at FCI Victorville even though she is eligible for transfer to a residential reentry center ("RRC") based on the Second Chance Act. Pet. at 1.[1] The Petition asks the Court to order the BOP to release Petitioner to an RRC or home confinement. *Id.*

---

[1] The Court utilizes the pagination assigned by the CM/ECF system when citing to the Petition.

On December 20, 2024, Respondent filed a Motion to Dismiss the Petition ("Motion"), along with a declaration of a BOP program specialist and supporting exhibits. Dkt. No. 8. The Motion contends that the Petition should be dismissed on procedural grounds for failure to exhaust administrative remedies. *Id.* at 3. With respect to Petitioner's release date, Respondent calculated a statutory release date of August 26, 2025, and an actual projected release date of May 13, 2025, with First Step Act ("FSA") credits applied. Dkt. No. 8 at 1.

On January 15, 2025, Petitioner filed a motion to withdraw her Petition on the grounds that the BOP scheduled her release to an RRC for January 15, 2025. Dkt. No. 11. Respondent subsequently filed a response in support of Petitioner's motion to withdraw and requested that the Court enter an order dismissing the Petition with prejudice. Dkt. No. 12 at 1. The Court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was transferred to a residential reentry management field office in Long Beach, California. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Jan. 24, 2024). For the following reasons, the Court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot

and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought release to an RRC placement or home detention based on the Second Chance Act. Since the filing of the Petition, Petitioner has been released. Because she has obtained the relief she sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy." *Peneueta v. Ricolcol*, No. 2:23-cv-6361-PA-JC, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)). Further, Petitioner's motion to withdraw serves as an acknowledgment that she seeks no further remedy from this Court following her release from BOP custody. Because Petitioner was released to a residential reentry center, her Petition is now moot.

For the foregoing reasons, the Petition is dismissed without prejudice. All pending motions are denied as moot.

DATED: April 18, 2025

_____
THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

3